IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FLOYD LANGER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-377-N |
| | ) | |
| NANCY A. BERRYHILL[1], | ) | |
| Social Security Commissioner | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g) Plaintiff, Floyd Langer, Jr. ("Langer" or "Plaintiff") seeks judicial review of an adverse social security ruling denying a period of disability and disability insurance benefits. (Docs. 1, 13). With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 22, 24). Oral argument was heard on March 10, 2017. After considering the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

## PROCEDURAL BACKGROUND

---

[1] Nancy A. Berryhill has replaced Carolyn Colvin and is now the acting Social Security Commissioner.

Plaintiff protectively applied for a period of disability and disability insurance benefits on May 29, 2013, asserting a disability onset date of January 28, 2011. (Tr. at 200-203). Plaintiff's claim was denied at the Administrative level after which Plaintiff requested an administrative hearing. (TR. at 124, 134). Plaintiff attended a hearing before an Administrative Law Judge (ALJ") on November 13, 2014, and the ALJ rendered an unfavorable decision on December 19, 2014. (TR. at 16-52).

At the time of the administrative hearing, Plaintiff was fifty-seven years old with a high school diploma, an Associate's Degree in Business Administration and a significant previous work history, including experience as a Corrections Officer until he resigned in 2008. (Doc. 13; Fact Sheet; TR. at 39-40, 42, and 47). Plaintiff alleges he is disabled due to obesity, bilateral arthritis of the ankles, back pain, and anxiety. (Doc. 13; Fact Sheet). On December 19, 2014, an ALJ denied benefits after determining that Plaintiff was not disabled and was able to work in his previous position as a Corrections Officer. (TR. at 26). Plaintiff requested review of the hearing decision, but the Appeals Council denied the request on June 17, 2016. (TR. at 1-6).

Plaintiff claims that the ALJ committed reversible error (1) in that the ALJ's residual functional capacity ("RFC") was not supported by substantial evidence, (2) in failing to fulfill her duty to develop the record by ordering a consultative orthopedic examination, and (3) in failing to find that Plaintiff

suffers from severe impairment of back pain and anxiety. (Doc. 13 at 1-2). Defendant has responded to—and denies—these claims. (Doc. 16).

## STANDARD OF REVIEW

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial

3

evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

4

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

## DISCUSSION

Langer asserts that the ALJ erred in assigning a RFC that was not supported by substantial evidence. (Doc. 13 at 2-6). Plaintiff additionally claims that the ALJ failed to fully develop the record by not ordering a physical consultation and by not finding Plaintiff's impairments of back pain and anxiety to be severe. (*Id.* at 6-9). The undersigned will address each alleged assignment of error in turn.

### A. Whether the RFC was supported by substantial evidence

At step three of the sequential process, the ALJ found that through December 31, 2013, the date of last insured ("DLI"), Plaintiff had severe impairments of obesity and bilateral arthritis of the ankles. (TR. at 21). At step five, the ALJ found that "through the date last insured, the claimant had the residual functional capacity to perform the full range of medium work." (*Id.* at 24). Plaintiff contends that the RFC determined by the ALJ is not supported by substantial evidence and that the treatment records support a

"more restrictive functional capacity". (Doc. 13 at 4). In support of a more restrictive RFC, Plaintiff cites multiple treatment notes relating to pain in Plaintiff's ankles, hip, back, right shoulder, left foot, and right wrist as well as diagnoses of sciatica, degeneration, dyspnea, hypertension, and headaches. (*Id.*) Plaintiff additionally points to several treatment notes for anxiety or anxiety related impairments and to Plaintiff's testimony relating to his level of pain, and his ability to walk and stand. (*Id.* at 5-6). Plaintiff acknowledges that the ALJ "reportedly considered all of the Plaintiff's symptoms", but takes issue with the fact that Plaintiff was not given a physical capacities exam by an orthopedist and that the ALJ's determination failed to take into account "Plaintiff's treatment records and testimony" and erroneously adopted an RFC that does not encompass Plaintiff's severe back pain, psychological impairment, or the effects of Plaintiff's pain. Defendant asserts that the ALJ's RFC determination was supported by substantial evidence. (Doc. 16 at 2-4).

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling 96-8p, *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, *3. The Court notes that the ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 416.946 (2015). That decision cannot be based on "sit and squirm" jurisprudence. *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

However, the Court also notes that the social security regulations state that Plaintiff is responsible for providing evidence from which the ALJ can make an RFC determination. 20 C.F.R. § 416.945(a)(3).

With regard to the symptoms/diagnoses that Plaintiff contends the ALJ did not consider, the ALJ summarized Plaintiff's medical records as follows:

> The medical evidence of record indicates that the claimant has reported experiencing back and body pain and headaches. No limiting factors have been noted in regards to these conditions. The claimant's symptoms have been treated with conservative medical management including prescription medications and various treatment notes indicate that these conditions are generally controlled (Exhibit B4F, B8F, B9F, B10F). Physical examinations have been with no limitations with the claimant exhibiting full range of motion of the back and hips, no muscle spasms, negative straight leg raises, and full strength (Exhibit B7F, B9F, B10F). X-rays of the claimant's back have been normal and the claimant has been advised to exercise to alleviate his pain (Exhibit B4F, B8F, and B9F). X-ray's of claimant's hips performed in August 2013 revealed only mild degenerative changes while a 2014 MRI of the hips revealed no obvious abnormalities of the bilateral hips of lumbar spine to explain the claimant's reports of pain. (Exhibit B6F, B10F). The evidence does not show that the claimant's back and body pain or headaches significantly limited his ability to perform basic work activities and therefore is not considered a severe impairment.
>
> Mental status examinations have been consistently normal revealing the claimant to have good judgment and insight, and intact memory, and good concentration abilities (Exhibit B2F, B5F, B3F). He has sought minimal mental health treatment for his symptoms (Exhibit B8F, B3F, B8F).

(TR. at 22-23). The ALJ further stated that in reaching her conclusions as to the mental disorders that she considered the four broad functional areas set forth in the disability regulations. (*Id.*) Namely, in determining that Plaintiff

7

was only mildly limited in activities of daily living, social functioning, and concentration, persistence and pace, the ALJ considered (1) that the evidence did not suggest that Plaintiff could not perform adaptive activities of daily living based on the medical records and his testimony that he lived alone and attended school four days a week, (2) the lack of medical evidence of more than mild limitations in social functioning and Plaintiff's testimony that he can drive, interact with friends on the phone and computer, shop, is a member of a social group, and has made friends in the classes he attends, and (3) Plaintiff's testimony that he could follow TV programs, focus to drive, concentrate to shop, and persist to complete chores. (*Id*. at 23). The ALJ also noted that Plaintiff was able to stay on point at the social security hearing and was capable of having a "B" average in the courses he was attending. (*Id*.) The ALJ additionally noted that Plaintiff did not have any episodes of decompensation of an extended duration. (*Id*.)

In explaining his RFC determination, the ALJ stated as follows:

In terms of the claimant's alleged limitations, the undersigned finds that the testimony of the claimant is not fully credible concerning the severity of her symptoms and the extent of her limitations. Neither the severity nor the extent is supported by the objective medical evidence of record. The claimant alleges that she experiences bilateral ankle pain that prevents him from working. However, the medical evidence of record reveals that treatment for the claimant's arthritis has been relatively sparse and has consisted of primarily conservative medication management with few if any recommendation for surgery, pain management, or other more aggressive treatment options that would be expected for pain of the degree alleged (Exhibit B1F-B11F). Physical examinations have consistently revealed minimal abnormalities with the claimant exhibiting a normal gait, and station, full range of motion of all joints, intact sensation and reflexes, and full

muscle strength (Exhibit B7F, B9F). X-rays have also revealed minimal abnormalities (Exhibit B4F, B9F, and B10F). The claimant is prescribed minimal medications for his reports of debilitating pain and does not require an assistive devise to ambulate. These factors coupled with claimant's extensive activities of daily living that include shopping, performing chores, driving, mowing the grass, attending school, preparing meals, and living independently belie his claims of total disability (Exhibit B4E, B6E, B7F).

(TR. at 25.)[2] It is clear from the decision, that the ALJ specifically considered all of Plaintiff's complaints of pain, diagnoses, and testimony, despite Plaintiff's assertions to the contrary. The question before this Court is not whether an alternative determination may be supported by the record, but whether the decision reached was supported by substantial evidence. *See Ingram*, 496 F.3d at 1260. " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). While the medical record and Plaintiff's testimony may support an alternative determination, there remains substantial evidence within the record on which the ALJ's determination was based. Further, the ALJ specifically articulated the rationale behind her determination and as a result, Plaintiff's first assignment of error is without merit.

B. **Failure to Develop the Record**

---

[2] The ALJ's decision on numerous occasions, refers to Plaintiff as "she". The undersigned did not correct these errors and they have no substantive effect on the merits of Plaintiff's claims.

9

Plaintiff second assignment of error is that the ALJ should have ordered orthopedic consultative examination. Plaintiff does not assert that the record before the ALJ was incomplete. Rather, Plaintiff contends that the ALJ should have ordered a orthopedic consultative exam because Plaintiff repeatedly complained of headaches, shoulder pain, low back pain, and anxiety and "that the diagnosis and complaints of lower back pain and hip pain without an accompanying physical capacities evaluation triggered the Administrative Law Judge's duty to develop the record". (Doc. 13 at 7). Plaintiff additionally asserts that the ALJ's failure to order an exam resulted in a RFC determination that does not encompass Plaintiff's severe back pain, shoulder pain, or psychological impairments. Plaintiff notes that a request for an orthopedic and psychological exam was submitted on May 22, 2014. (*Id*.) Defendants assert the record relating to Plaintiff's condition prior to the DLI was fully developed and, alternatively, that a consultative exam performed in 2014, would only "consist of a one-time examination as a snap shot of [Plaintiff's] current functioning, and would have nominal relevance to his functioning prior to December 31, 2013." (Doc. 16 at 5).

It is well-established that the ALJ has a basic duty to develop a full and fair record. 20 C.F.R. § 416.912(d). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *See* 20 C.F.R. § 416.912(a) (stating that

"[claimant] must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (stating "[y]our responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled"). "In fulfilling the duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such is necessary to enable the ALJ to render a decision." *River v. Astrue*, 901 F.Supp.2d 1317, 1327 (S.D. Ala. 2012); *See Ingram v. Commissioner of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir.2007).* ("The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision.").

As previously discussed, there is substantial evidence in the record to support the RFC determined by the ALJ. More specifically, the record contained multiple records relating to the pain of which Plaintiff complained prior to his DLI, including even, a physical consultative exam by Dr. Elmo Ozment, a surgeon, in August 2013, wherein Plaintiff was diagnosed with "multiple complaints, but essentially negative physical exam" and which resulted in no physical restrictions/limitations "except for unprotected heights, which I think would be dangerous for anyone." (TR. at 399-403). Furthermore, the undersigned agrees that if a consultative exam was

warranted in 2014, it would not have provided the ALJ with meaningful insight relevant to his determination because Plaintiff's DLI was December 31, 2013. As a result, the undersigned finds that the record contained sufficient evidence for the administrative law judge to make an informed decision and there is no indication that the ALJ erred by failing to order a consultative exam.

### C. Whether the ALJ erred in not finding Plaintiff's impairments of back pain and anxiety to be severe

Plaintiff contends that the ALJ erred in not finding Plaintiff's back pain and anxiety to be severe. In support of his argument, Plaintiff points to four treatment notes for back pain from December 2011 to December 2013, which collectively show that Plaintiff was diagnosed with "probable right sided occipital neuralgia", "sciatica/lower back pain", and "lower back pain, sciatica, dyspnea, right wrist pain, hypertension, and headaches". (Doc. 13 at 8-9). With regard to his anxiety, Plaintiff points to five instances where he was diagnosed with anxiety disorder and relies on the opinions of Dr. John W. Davis, Ph.D, who performed a psychological consultative exam in October 2010 and opined that Plaintiff's "ability to understand, remember, and carry out simple instructions and make judgments on work-related decisions as well as Plaintiff's ability to understand, remember and carry out complex instructions and make judgments on complex work-related decision to be moderately impaired." (TR. at 9). Defendants contend Plaintiff failed to show that these impairments were severe. (Doc. 16 at 6).

"An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *See also* 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities"); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("The 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality"); and Social Security Ruling 96-3p ("evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities").

The ALJ specifically addressed Plaintiff's back pain and anxiety, as discussed above in detail, and clearly stated the reason for finding that those impairment were not severe, i.e., "the evidence does not show that the claimant's back and body pain or headaches significantly limited his ability to perform basic work activities". (TR. at 22-23). This conclusion is supported by the fact that Plaintiff has received only conservative medical treatment for these complaints and because the objective medical evidence relating to these complaints have been primarily within normal limits. (*Id.*) The ALJ further

determined that "[t]he claimant's medically determinable mental impairment […] did not cause more than minimal limitation in the claimant's ability to preform basic mental work activities a was therefore non-severe". (TR at 23). The ALJ stated his conclusion was based on his "consideration of the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1)." (*Id*.) Despite evidence that Plaintiff has a history of back pain and anxiety, Plaintiff has not shown that either impairment, based on the objective medical evidence, would interfere with Plaintiff's ability to work. As such, the ALJ did not err by failing to find those impairments to be severe.

## CONCLUSION

Plaintiff has raised three claims in bringing this action; all three are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMMISSED**. Judgment will be entered by separate Order.

DONE this 19th day of April 2017.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**